AUSA: Gjon Juncaj  Telephone: (313) 226-0209
Special Agent: William Petty  Telephone: (313) 226-0791

AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

In the Matter of the Seizure of )
*(Briefly describe the property to be seized)* )
All Funds on Deposit in Frankenmuth Credit Union ) Case No. 1:21-mc-50372
Account Number 93875-110 up to and including $14,930 ) Hon. Thomas L. Ludington
)

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the __Eastern__ District of __Michigan__ is subject to forfeiture to the United States of America under _____ U.S.C. § _____ *(describe the property)*:

18 U.S.C. § 981(a)(1)(A); 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853; 21 U.S.C. § 881(a)-- All Funds on Deposit in Frankenmuth Credit Union Account Number 93875-110 up to and including $14,930

The application is based on these facts:
See Attached Affidavit

☐ Continued on the attached sheet.

*William Petty*
Applicant's signature

HSI SA William Petty
Printed name and title

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: March 19, 2021

*[signature]*
Judge's signature

City and state: Flint, MI

Curtis Ivy, Jr.  U. S. Magistrate Judge
Printed name and title

## AFFIDAVIT
## IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, William Petty, Special Agent of Homeland Security Investigations (HSI), Detroit, Michigan, United States Department of Homeland Security, being duly sworn deposes and states:

1. I am a Special Agent with the United States Department of Homeland Security - Homeland Security Investigations (HSI). As such, I am a "federal law enforcement officer" as defined in Federal Rule of Criminal Procedure 41(a)(2)(C).

2. I have been a Special Agent with HSI since 2010. I have received training in identifying various controlled substances and conducting narcotics and illegal drug (Title 21) investigations. I have been involved in numerous dangerous-drug cases involving undercover buys, arrests, and execution of search warrants. I have spoken/worked with other agents with extensive experience in illegal drug investigations. I have made numerous arrests for violations of Title 21 of the United States Code, Section 333 of the Michigan Penal Code, and am familiar with the identification of many types of controlled substances by sight and color,

including marijuana, cocaine, and MDMA (ecstasy). In addition, I have investigated the funding and proceeds trail of these investigations.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, and witnesses including by speaking with these individuals and/or review of reports. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The statements in this affidavit are also based upon information I received from reviewing documents and other records relevant to the investigation, such as bank account records.

4. I make this affidavit in support of an application for a warrant to seize the following:

**All funds on deposit, up to and including $14,930, in Frankenmuth Credit Union, Account Number 93875-110 ("Target Account")**

5. As set forth below, there is probable cause to believe that the Target Account is subject to seizure and forfeiture pursuant to Title 18 U.S.C. §§981(a)(1)(A) and 982(a), as property involved in violations of

Title 18 U.S.C. § 1956, and pursuant to 21 U.S.C. §§ 853(a) and 881(a)(6), as moneys furnished in exchange for a controlled substance in violation of the federal narcotics laws, or proceeds traceable thereto.

## STATUTORY AND REGULATORY FRAMEWORK

6. Title 18, United States Code, Section 1956 makes it unlawful for:

(a)(1) Whoever, knowing the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity

>   (A)(i) with the intent to promote the carrying on of the specified unlawful activity;

>   \* \* \*

> or
> (B) knowing that the transaction is designed in whole or in part

>   (i) To conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity

7. Pursuant to Title 18, United States Code, Section 1956(c)(7) and Section 1961(1), the definition of "specified unlawful activity" includes "any act.....involving.....dealing in a controlled substance." Title 21,

United States Code, Sections 841 and 846, criminalizes the distribution of controlled substances and conspiracies to do the same.

8. Title 18, United States Code, Sections 981(a)(1)(A) (civil forfeiture) and 982(a)(1) (criminal forfeiture) subjects to forfeiture any property, real or personal, involved in a transaction or attempted transaction in violation of Section 1956, 1957 or 1960 of Title 18, or any property traceable to any such property. In addition, Title 21, United States Code, Sections 853(a) (criminal forfeiture) and 881(a)(6) (civil forfeiture) subjects to forfeiture any property constituting or derived from proceeds obtained from controlled substance violations.

9. As set forth below, there is probable cause to believe that the funds to be seized in the Target Account represent: (i) property involved in transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and, therefore are subject to forfeiture civilly pursuant to 18 U.S.C. § 981(a)(1)(A), and criminally pursuant to 18 U.S.C. § 982(a)(1); and (ii) property constituting or derived from proceeds traceable to violations of the federal narcotics laws, and, therefore, are subject to forfeiture civilly pursuant to 21 U.S.C. § 881(a)(6), and criminally pursuant to 21 U.S.C. § 853(a).

## BACKGROUND AND ARREST OF DANIEL MARIN

10. On August 21, 2020 HSI El Paso obtained information from a Source of Information (SOI) regarding the sale and purchase of 17 kilograms of cocaine. SOI indicated that a narcotics broker was inquiring about the sale of large quantities of cocaine to an individual identified as FNU LNU, later identified as Daniel MARIN, in Saginaw, MI.

11. On August 28, 2020, an HSI undercover agent (UCA) was successfully telephonically introduced to MARIN. The UCA successfully negotiated with MARIN the sale and transportation of 17 kilograms of narcotics to MARIN in the Flint, MI area. MARIN agreed to pay $34,000 per kilogram upon delivery in Flint, Michigan.

12. On August 28, 2020, HSI Detroit was contacted by HSI Special Agents (SAs) from the El Paso, Texas office, who were requesting assistance for a potential cocaine transaction in the Detroit area.

13. On September 2, 2020, HSI El Paso agents arrived in Detroit, MI to conduct the cocaine transaction. Personnel from HSI, FBI, Detroit Police Department and Michigan State Police formulated a plan to conduct the cocaine transaction. HSI El Paso agents had the 17

kilograms of cocaine. The cocaine stayed in the possession of HSI until the exchange of $510,000 for the 17 kilograms of cocaine.

14. On September 3, 2020, pursuant to prior conversations between the UCA and MARIN, MARIN arrived at the Marriott Courtyard in Flint, Michigan at approximately 12:00 p.m. in a white Cadillac CTS. A black minivan and white Ford Fusion also arrived at the Marriott Courtyard. The black minivan was occupied by an individual later identified as Michael N. GONZALES. The white Ford Fusion was occupied by an individual later identified as Benjamin H. PLUTO.

15. MARIN contacted the UCA and informed the UCA that he was present. The UCA and MARIN entered a hotel room and discussed the transaction. Another UCA brought a bag containing five kilograms of cocaine and 12 kilograms of imitation cocaine. MARIN verified the presence of the cocaine. MARIN left the hotel room and retrieved U.S. currency and a money counter. The currency and money counter were in three bags. MARIN retrieved two bags from the white Ford Fusion occupied by PLUTO and one bag from the black minivan occupied by GONZALES.

16. MARIN returned to the hotel room and showed the UCA the currency. MARIN left the currency in the hotel room while a UCA took the cocaine and imitation cocaine to the black minivan. The UCA showed GONZALES the cocaine and imitation cocaine. GONZALES acknowledged the cocaine at which time law enforcement took MARIN, GONZALES, and PLUTO into custody.

17. On September 4, 2020, Daniel MARIN, Michael N. GONZALES, and Benjamin H. PLUTO were charged by criminal complaint in the United States District Court, Eastern District of Michigan (Docket No. 20-mj-30356), with knowingly, intentionally, and unlawfully conspiring and agreeing with each other and others to distribute and to possess with intent to distribute controlled substances, namely, cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

## THE TARGET ACCOUNT

18. Your affiant reviewed account records from Frankenmuth Credit Union (FCU) associated to Daniel MARIN. On February 28, 2020, Daniel MARIN opened account number 93875-110 with FCU. MARIN

deposited $470.00 of US Currency into the account. MARIN was the sole signor on the account.

19. Agents analyzed the account for cash activity and discovered that between February 28, 2020 and September 24, 2020, MARIN made eight (8) cash deposit transactions totaling $14,920.00. This included a $9,500.00 cash deposit on September 2, 2020.

20. Agents discovered IRS ACH deposits and Michigan Unemployment ACH deposits were the only other source of funds to the account. Between May 13, 2020 and September 24, 2020, $17,360.00 was electronically deposited into the account from the State of Michigan and IRS. Agents located no payroll deposits.

21. Agents discovered two wires to a subject named Mercedes Cano, Brownsville, TX. One wire was sent on June 24, 2020 for $7,200.00 and the second on August 11, 2020 for $2,500.00. The listed address for the receiver was a residential address. The following is a summary of relevant cash deposits and other activity of the account:

| Account # | Date | Cash In | ACH In | Wire Out | Remarks |
|---|---|---|---|---|---|
| 93875-110 | 2/28/2020 | $470.00 | | | Cash |
| 93875-110 | 3/5/2020 | $275.00 | | | Cash |
| 93875-110 | 3/11/2020 | $350.00 | | | Cash |
| 93875-110 | 4/3/2020 | $275.00 | | | Cash |
| 93875-110 | 4/15/2020 | $770.00 | | | Cash |
| 93875-110 | 5/13/2020 | | $1,520.00 | | MI Unemployment |

| | | | | | |
|---|---|---|---|---|---|
| 93875-110 | 5/20/2020 | | $1,200.00 | | IRS |
| 93875-110 | 6/23/2020 | | $6,400.00 | | MI Unemployment |
| 93875-110 | 6/24/2020 | | $1,520.00 | | MI Unemployment |
| 93875-110 | 6/24/2020 | $2,000.00 | | | Cash |
| 93875-110 | 6/24/2020 | | | $7,200.00 | Wire to Brownsville, TX |
| 93875-110 | 7/8/2020 | | $1,520.00 | | MI Unemployment |
| 93875-110 | 7/22/2020 | | $1,520.00 | | MI Unemployment |
| 93875-110 | 8/6/2020 | | $920.00 | | MI Unemployment |
| 93875-110 | 8/11/2020 | | | $2,500.00 | Wire to Brownsville, TX |
| 93875-110 | 8/17/2020 | $1,280.00 | | | Cash |
| 93875-110 | 8/20/2020 | | $320.00 | | MI Unemployment |
| 93875-110 | 9/2/2020 | $9,500.00 | | | Cash |
| 93875-110 | 9/3/2020 | | $320.00 | | MI Unemployment |
| 93875-110 | 9/14/2020 | | $900.00 | | MI Unemployment |
| 93875-110 | 9/24/2020 | | $1,220.00 | | MI Unemployment |
| | **Totals:** | **$14,920.00** | **$17,360.00** | **$9,700.00** | |

## CONCLUSION

22. Based on the foregoing, I submit that there is probable cause to believe that the Target Account was used to conceal and disguise the nature, source, ownership, or control of the proceeds of narcotics trafficking in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

23. As a result, there is probable cause to believe that **All funds on deposit, up to and including $14,930, in Frankenmuth Credit Union, Account Number 93875-110**, are subject to forfeiture pursuant to Title 18 U.S.C. §§ 981(a)(1)(A) and 982(a), as property involved in violations of Title 18 U.S.C. §§ 1956, and pursuant 21 U.S.C.

§§ 853(a) and 881(a)(6), as monies furnished in exchange for a controlled substance in violation of the federal narcotics laws and proceeds traceable to such exchanges.

24. Accordingly, I respectfully request that the Court issue seizure warrants, pursuant to Title 21, United States Code, Section 853(f) and Title 18, United States Code, Section 981(b), authorizing the seizure of All funds on deposit, up to and including $14,930, in Frankenmuth Credit Union, Account Number 93875-110.

//

//

//

//

//

//

//

//

//

//

//

25. Because the Affidavit is submitted in connection with an ongoing financial investigation that would be jeopardized by the premature disclosure of information, I request that this Affidavit and all related documents be filed under seal until further notice of the court, except that copies of the seizure warrants may be served at the time they are executed, and that the government may provide copies of the warrants and this Affidavit as required by its discovery obligations, including Rule 16 of the Federal Rules of Criminal Procedure.

*William Petty*
William Petty
Special Agent, United States
Department of Homeland
Security, Homeland Security
Investigations

Sworn to before me and signed in my presence
and/or by reliable electronic means.

_____
Honorable Curtis Ivy, Jr.
United States Magistrate Judge

Date:   March 19, 2021

| | | |
|---|---|---|
| AO 109 (Rev. 11/13) Warrant to Seize Property Subject to Forfeiture | AUSA: Gjon Juncaj<br>Special Agent: William Petty | Telephone: (313) 226-0209<br>Telephone: (313) 226-0791 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br>All Funds on Deposit in Frankenmuth Credit Union<br>Account Number 93875-110 up to and including $14,930 | Case 1:21-mc-50372<br>Assigned to Thomas L. Ludington<br>Assign Date: 3/19/2021<br>SEALED MATTER |

## WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests that certain property located in the **Eastern** District of **Michigan** be seized as being subject to forfeiture to the United States of America. The property is described as follows:

All Funds on Deposit in Frankenmuth Credit Union Account Number 93875-110 up to and including $14,930 with permission to serve the warrant electronically followed by original service.

I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

**YOU ARE COMMANDED** to execute this warrant and seize the property on or before **April 2, 2021**
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to the presiding United States Magistrate Judge on duty .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days (not to exceed 30)   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: March 19, 2021  3:56 pm

Judge's signature

City and state: Flint, MI     Curtis Ivy, Jr.     U. S. Magistrate Judge
*Printed name and title*

AO 109 (Rev. 11/13)  Warrant to Seize Property Subject to Forfeiture (Page 2)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of: |||
| Inventory of the property taken: |||

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*